1
2
3
4
5
6
7
8                  IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  O'DELL SMITH, Jr.,                     No C-09-0050 TEH (PR)

12              Petitioner,

13        v.                               ORDER DISMISSING PETITION FOR
                                           WRIT OF HABEAS CORPUS
14  JEANNE WOODFORD, Director,

15              Respondent.                (Doc. #2)

16  _____/

17

18        Petitioner, a state prisoner incarcerated at California

19  State Prison, Corcoran, has filed a pro se Petition for Writ of

20  Habeas Corpus under 28 U.S.C. Section 2254 challenging a judgment of

21  conviction from Santa Clara County Superior Court.  Petitioner also

22  seeks to proceed in forma pauperis under 28 U.S.C. Section 1915.

23  Doc. #2.

24

25                                I

26        On December 10, 1999, Petitioner was sentenced to 36 years

27  to life in state prison following his convictions for second degree

28  robbery and assault with a deadly weapon.  Doc. #1-2 at 15-16.

**United States District Court**
For the Northern District of California

1  Petitioner was sentenced under California's Three Strikes law to an
2  indeterminate term of 25 years to life on the robbery count, and a
3  concurrent indeterminate term of 25 years to life on the assault
4  count.  <u>Id.</u> at 15.  Petitioner also received a determinate term of
5  one year on the robbery count plus two determinate terms of five
6  years each for two serious felony prior convictions, for a total of
7  11 years.  <u>Id.</u>  Pursuant to California Penal Code Section 669,
8  petitioner was to serve the determinate term of 11 years before the
9  start of his indeterminate sentence.  <u>Id.</u> at 15-16.

10          The California Court of Appeal affirmed the judgment on
11  September 24, 2001 and the California Supreme Court denied review on
12  November 28, 2001.  The court of appeal denied a Petition for Writ
13  of Habeas Corpus on August 12, 2004 and a Petition for Writ of
14  Mandamus on May 15, 2007.

15          On November 2, 2007, the Santa Clara County Superior Court
16  denied a Petition for Writ of Habeas Corpus filed in that court.
17  Doc. #1-2 at 29-31.  A petition filed in the California Court of
18  Appeal was denied on December 19, 2007, Doc. #1-2 at 34, and one
19  filed in the California Supreme Court was denied on October 28,
20  2008.  Doc. #1-2 at 36.

21

22                                    II

23          This Court may entertain a Petition for a Writ of Habeas
24  Corpus "in behalf of a person in custody pursuant to the judgment of
25  a State court only on the ground that he is in custody in violation
26  of the Constitution or laws or treaties of the United States."  28
27  U.S.C. § 2254(a).  A habeas petition may be dismissed if it plainly

28

                                    2

appears from the face of the petition and any exhibits attached thereto that the petitioner is not entitled to relief. <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990). Summary dismissal is appropriate if the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. <u>Id.</u>

## III

Petitioner alleges he is entitled to federal habeas corpus relief because his sentence of 36 years to life violated his Sixth Amendment rights under <u>Cunningham v. California</u>, 549 U.S. 270 (2007). In <u>Cunningham</u>, the United States Supreme Court held that California's Determinate Sentencing Law, which authorized a judge, rather than a jury, to find facts that exposed a defendant to an elevated upper term sentence, violated a defendant's Sixth Amendment right to a trial by jury. <u>Id.</u> at 293. According to Petitioner, his "sole charges carr[ied] a statutory range of 2, 3 and 5 years for second degree robbery an[d] 2, 3 and 4 years for assault with a deadly weapon" and therefore the trial court's sentence was "illegal" under <u>Cunningham</u>. Doc. #1-2 at 6.

<u>Cunningham</u> is the progeny of an earlier Supreme Court case, <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). In <u>Apprendi</u>, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Id.</u> at 490. The "statutory maximum" discussed in <u>Apprendi</u> is the maximum sentence a judge could

United States District Court

For the Northern District of California

3

**United States District Court**
For the Northern District of California

impose based solely on the facts reflected in the jury verdict or admitted by the defendant; in other words, the relevant "statutory maximum" is not the sentence the judge could impose after finding additional facts, but rather the maximum he could impose without any additional findings. <u>Blakely v. Washington</u>, 542 U.S. 296, 303–04 (2004). According to the Supreme Court, "the middle [prison] term prescribed by California statutes, not the upper term, is the relevant statutory maximum." <u>Cunningham</u>, 549 U.S. at 288.

       Applying these legal principles to the instant matter, the Court concludes petitioner's claim is without merit. <u>Cunningham</u> is inapplicable here because petitioner's sentence — a determinate term of 11 years and an indeterminate term of 25 years to life — was not based on the selection of an upper term for either the robbery or assault counts, but rather was based on the fact that Petitioner had suffered two serious felony prior convictions. See Doc. #1-2 at 6, 15-16. As noted above, <u>Apprendi</u> and its progeny specifically have excepted the fact of a prior conviction from its holdings: "[o]ther *than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Apprendi</u>, 530 U.S. at 490, emphasis added; see also <u>Blakely</u>, 542 U.S. at 301. In denying petitioner relief, the superior court correctly stated: ". . . *Cunningham/Blakely* would not apply . . . because Petitioner's three strikes sentence and life term was based on his priors and not on a judicial selection of the upper term." Doc. #1-2 at 31.

       Because petitioner's sentence is based on the fact of his

4

two serious felony prior convictions, and not on the imposition of any upper term, his sentence is outside the rules set forth in Apprendi and Cunningham.  Under these circumstances, "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," and the Court "must dismiss the petition . . . "  Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254; accord Hendricks, 908 F.2d at 491.

IV

        For the foregoing reasons, the Petition for Writ of Habeas Corpus is DISMISSED.

        Based solely on Petitioner's affidavit of poverty, his request to proceed in forma pauperis (Doc. #2) is GRANTED.

        The Clerk is directed to terminate any pending motions as moot and close the file.

        IT IS SO ORDERED.

DATED     _May 4, 2009_          _____
                                 THELTON E. HENDERSON
                                 United States District Judge

G:\PRO-SE\TEH\HC.09\Smith-09-0050-order of dismissal.wpd

5